# 25-1665

**United States Court of Appeals**

**For the Second Circuit**

**Alan Kaufman, pro se**, Defendant–Appellant,

v.

**National Credit Union Administration Board**, as Liquidating Agent for Melrose Credit Union, Plaintiff–Appellee.

**On Appeal from the United States District Court for the Eastern District of New York** Case No. 1:23-cv-00123-NRM-TAM Hon. Nina R. Morrison, District Judge

**Brief for Defendant–Appellant** Alan Kaufman, *pro se*

**Alan Kaufman, pro se**

175 High Pond Drive Jericho, NY 11753

(516) 941-8437

Date: October 29, 2025

RECEIVED U.S. COURT OF APPEALS CLERK'S OFFICE 2025 OCT 31 PM 3:13

**Table of Contents**

Table of Authorities ................................................................ 3

Statement of the Subject Matter ……………………………...4

Statement of the Issues ……………………………………5

Statement of the Case ........................................................ 6

Statement of the Facts ........................................................ 7

Summary of Argument ........................................................ 8

Argument .............................................................................. 9

**I. The District Court Erred in Granting Summary Judgment Based on Findings from a Criminal Trial that Was Factually and Legally Distinct**

**II. Collateral Estoppel Was Improperly Applied Given the Pending § 2255 Challenge and Lack of Finality**

**III. The District Court Erred by Interpreting Gratuities as Unlawful Conduct**

**IV. NCUA's Role as Liquidating Agent Raises Additional Legal Questions**

Conclusion ............................................................................ 11

Certificate of Compliance ................................................12

Certificate of Service ........................................................ 13

**Table of Authorities**

## Cases

*Allen v. McCurry*, 449 U.S. 90 (1980)

*Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359 (2d Cir. 1995)

*Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008)

*Dupree v. Younger*, 598 U.S. ___ (2023)

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)

*Singh v. Anmol Food Mart, Inc.*, No. 22-CV-5475, 2025 WL 611121 (E.D.N.Y. Feb. 26, 2025)

*Snyder v. United States*, 603 U.S. 1 (2024)

**Statutes**

18 U.S.C. § 666

18 U.S.C. § 1346

28 U.S.C. § 2255

28 U.S.C. § 636(b)(1)

## Rules

Fed. R. Civ. P. 6(a)

Fed. R. Civ. P. 56(a)

Fed. R. Civ. P. 72(b)(2)

Fed. R. App. P. 32(a)(5)

Fed. R. App. P. 32(a)(6)

Fed. R. App. P. 32(a)(7)(B)

Fed. R. App. P. 32(f)

Statement of Subject Matter and Appellate Jurisdiction

This appeal arises from a final judgment entered by the United States District Court for the Eastern District of New York in civil case number 1:23-cv-01061. The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 133.

The United States Court of Appeals for the Second Circuit has jurisdiction over this appeal under 28 U.S.C. § 1291, which provides for appellate review of final decisions of the district courts. The district court entered final judgment on June 13, 2025. A timely notice of appeal was filed on July 7, 2025, in accordance with Federal Rule of Appellate Procedure 4(a).

The criminal conviction upon which the district court relied remains under collateral attack through a planned motion under 28 U.S.C. § 2255. This ongoing challenge underscores the lack of finality and reliability of the criminal findings and supports appellate review of the district court's legal conclusions.

## Statement of the Issues Presented for Review

Whether the district court erred in granting partial summary judgment by relying on findings from a criminal trial that involved different facts and legal theories, and was marked by conflicting evidence and procedural irregularities.

Whether the district court improperly applied collateral estoppel based on a criminal conviction that lacked a clear and reliable adjudication of the relevant issues, particularly in light of a planned § 2255 motion challenging the validity of that conviction (*Dupree v. Younger*, 598 U.S. ___729 (2023)).

Whether the plaintiff had Article III standing, including a personal, concrete injury caused by the defendant, sufficient to survive dismissal under *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

Whether the district court misapplied the law by retroactively interpreting lawful gratuities as unlawful conduct, contrary to the standards set forth in *Snyder v. United States*, 603 U.S. 1 (2024) (holding that gratuities not linked to specific official acts do not constitute bribery under 18 U.S.C. § 666).

Whether the role of the National Credit Union Administration (NCUA), plaintiff, as liquidating agent was properly considered in evaluating its claims and standing.

## Statement of the Case

This appeal arises from a civil enforcement action filed in the United States District Court for the Eastern District of New York, docket number 1:23-cv-01061-NRM-TAM. The Defendant-Appellant challenges the conduct of the National Credit Union Administration (NCUA), acting as liquidating agent, and other government entities, alleging violations of federal law stemming from administrative actions and enforcement decisions.

On June 13, 2025, the Honorable Nina R. Morrison, United States District Judge, entered final judgment granting partial summary judgment in favor of the plaintiff. See *Final Judgment*, ECF No. 45, No. 1:23-cv-01061-NRM-TAM (E.D.N.Y. June 13, 2025). Defendant-Appellant Kaufman timely filed a notice of appeal on July 7, 2025. ECF No. 46.

The district court's ruling relied heavily on findings from a prior criminal proceeding, despite the fact that the criminal case involved different factual allegations and legal theories. That conviction remains under collateral attack through a planned motion under 28 U.S.C. § 2255. The criminal trial was marked by conflicting witness testimony, shifting prosecutorial narratives, and procedural irregularities. Notably, the government abandoned its original indictment theory centered on "favorable loans" and pivoted on the eve of trial to a broader interpretation of the alleged *quid-pro-quo*—an approach that directly contradicted the original indictment and undermines the reliability of the criminal findings.

The district court applied collateral estoppel to preclude relitigating of issues that were neither clearly nor reliably adjudicated. This application was improper, particularly in light of *Dupree v. Younger*, 598 U.S. __729 (2023), which permits appellate review of preserved legal errors at the summary judgment stage. The district court also retroactively interpreted lawful gratuities as unlawful conduct, contrary to *Snyder v. United States*, 603 U.S. 1 (2024).

Genuine disputes of material fact remain, and the district court's reliance on the criminal conviction was legally and procedurally flawed. This appeal seeks reversal of the partial summary judgment in favor of Defendant-Appelle.

**Statement of the Facts**

Plaintiff initiated this civil action in the United States District Court for the Eastern District of New York. Defendant-Appellant challenges the conduct of the NCUA, acting as liquidating agent, and other government entities. The claims stem from administrative and enforcement actions taken in connection with the liquidation of a credit union and related allegations of misconduct.

Defendant-Appellant, formally the CEO of the Melrose Credit Union was previously convicted of two counts of accepting unlawful gratuities, in violation of 18 U.S.C § 215(a)(2) The indictment initially focused on an alleged bribery scheme involving the issuance of "favorable loans," to a credit union member and friend of Defendant-Appellant, but during trial, the government shifted its theory of the alleged *quid-pro-quo* and also emphasized alleged unlawful gratuities. This pivot contradicted the original indictment and introduced factual inconsistencies, including conflicting witness testimony and evolving prosecutorial narratives. A motion under 28 U.S.C. § 2255 is being prepared for filing for case 1:19-cr-00504 in the Southern district.

In the civil case, the district court relied on findings from the criminal trial to grant partial summary judgment in favor of the plaintiff. The court applied collateral estoppel to preclude relitigating of certain issues, despite the unresolved status of the criminal conviction and the presence of genuine disputes of material fact. The district court's reliance on the criminal findings was improper and the facts do not support the legal threshold for a gratuity conviction or civil liability.

## Summary of Argument

The district court erred in granting partial summary judgment by relying on findings from a criminal trial that was procedurally flawed, factually inconsistent, and legally distinct from the civil claims at issue. The criminal conviction, which remains under collateral attack through a pending motion under 28 U.S.C. § 2255, cannot serve as a reliable basis for collateral estoppel. The government's late-stage pivot away from the indictment's original theory of "favorable loans" to a broader interpretation of the alleged *quid-pro-quo* undermines the integrity of the criminal findings and highlights unresolved factual disputes.

Under *Dupree v. Younger*, 598 U.S. --729 (2023), the Defendant-Appellant is entitled to appellate review of preserved legal errors at the summary judgment stage. The district court's retroactive application of bribery statutes to conduct that may constitute unlawful gratuities contradicts the Supreme Court's holding in *Snyder v. United States*, 603 U.S. 1 (2024), and improperly expands the scope of civil liability.

The Defendant-Appellate maintains Article III standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), the plaintiff having not suffered a personal and concrete injury caused by the defendants' conduct. The role of the National Credit Union Administration (NCUA) as liquidating agent raises additional legal and factual questions that were not adequately addressed by the district court.

Because genuine disputes of material fact remain and the legal foundation of the district court's ruling is unsound, reversal is warranted.

8

## Argument

## I. The District Court Erred in Granting Summary Judgment Based on Findings from a Criminal Trial that Was Factually and Legally Distinct

Summary judgment is appropriate only when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. See *Fed. R. Civ. P. 56(a)*. The district court improperly relied on findings from a criminal trial that involved different factual predicates and legal theories. The criminal proceeding was marked by conflicting witness testimony, shifting prosecutorial narratives, and a late-stage pivot away from the indictment's original theory of bribery based on "favorable loans" to a credit union member toward a broader interpretation of the alleged bribery scheme, including a new emphasis on gratuities. See Ex. Y (Trial Excerpts), Ex. Z (Cynamon Transcript), and Ex. AA (Komitor Transcript), attached to Plaintiff's Reply in Support of Motion for Summary Judgment, ECF No. 41. These inconsistencies create genuine disputes of material fact that preclude summary judgment. See Defendant Alan Kaufman's Memorandum in Opposition, ECF No. 40, at 12–16; see also Kaufman's Rule 56.1 Counterstatement, ECF No. 40-4.

## II. Collateral Estoppel Was Improperly Applied Given the Pending § 2255 Challenge and Lack of Finality

Collateral estoppel applies only when: (1) the prior judgment was valid, final, and on the merits; (2) the identical issue was raised in the subsequent proceeding; (3) the issue was actually litigated and determined; and (4) the determination was essential to the judgment. See *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995). The criminal conviction remains under collateral attack through a planned motion under 28 U.S.C. § 2255 which is presently being prepared for filing. Moreover, the issues in the civil case differ materially from those in the criminal trial. See Plaintiff's Statement of Undisputed Material Facts, ECF No. 39-1; Kaufman's Counterstatement, ECF No. 40-4.

## III. The District Court Erred by Interpreting Gratuities as Unlawful Conduct

The district court's interpretation of the Defendant-Appellant's conduct as unlawful contradicts *Snyder v. United States*, 603 U.S. 1 (2024), which held that 18 U.S.C. § 666 does not criminalize gratuities. The government's shift in theory during the criminal trial—from "favorable loans" to generalized gratuities—further illustrates the lack of a clear legal basis for the district court's conclusion. See Trial Excerpts, ECF No. 41-2, Ex. Y, at 7–9.

## IV. NCUA's Role as Liquidating Agent Raises Additional Legal Questions

The NCUA has no Article III standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), having not suffered a concrete and particularized injury caused by the defendants' conduct. See Complaint, ECF No. 1, ¶¶ 22–30. The NCUA's role as liquidating agent introduces unresolved legal and factual issues regarding causation and liability that were not adequately addressed by the district court. See Plaintiff's Memorandum in Support of Summary Judgment, ECF No. 39, at 10–12.

## Conclusion

For the foregoing reasons, this Court should reverse the judgment entered on June 13, 2025 (ECF No. 45), and remand for further proceedings.

**Certificate of Compliance**

I certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 2,061 words, excluding the parts of the brief exempted by Rule 32(f).

I further certify that this brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Date: October 29, 2025 Respectfully submitted, Alan Kaufman 175 High Pond Drive Jericho, NY 11753

<u>CERTIFICATE OF SERVICE</u>

Defendant-Appellant, Alan Kaufman, pro se litigant, hereby certifies that, on October 29, 2025, he caused a true and correct copy of the foregoing Brief for Defendant-Appellant to be served upon Plaintiff-Appellee, by depositing same on said date with the United States Postal Service via regular mail addressed to Plaintiff-Appellee's counsel, as follows:

> Joshua Cash, Esq.
> Wilson Elser
> 150 E. 42nd Street
> New York, NY 10017

Alan Kaufman

RECEIVED 2025 OCT 31 PM 3:13 CLERK'S OFFICE U.S. COURT OF APPEALS

13

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRML...

**Retail**

~~POSTAL SERVICE.~~

**P** US POSTAGE PAID
**$11.90**

Origin: 11801
10/29/25
3537740802-12

**PRIORITY MAIL®**

0 Lb 14.70 Oz

**RDC 03**

EXPECTED DELIVERY DAY: 11/01/25

C099

SHIP TO:
40 FOLEY SQ
NEW YORK NY 10007-1502



**USPS TRACKING® #**



9505 5132 2585 5302 0141 64

- Expected deliv...
- Domestic shipn...
- USPS Tracking...
- Limited internat...
- When used inte...

*Insurance does not c
Domestic Mail Manua

** See International M.

al destinations

coverage.

e Package Pickup,
e QR code.



M/PICKUP

**FLAT RA**
ONE RATE ■ A...

**TRACKE**



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2



PAPER
POUCH

how2recycle.info

**PRIORITY** ★ MAIL ★

 **UNITED STATES POSTAL SERVICE** ®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
Alan Kaufman
175 High Road or
Jericho NY 11753

TO:
Clerks Office
US Court of Appeals
Thurogool Marshall Courthouse
40 Foley Square
New York, NY 10007

Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE